[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION DATED JANUARY 12, 1998 (DOCKET ENTRY NO. 134), PLAINTIFF'S MOTION FOR CONTEMPT DATED APRIL 9, 1998 (DOCKET ENTRY NO. 135), PLAINTIFF'S MOTION FOR CONTEMPT DATED APRIL 15, 1998 (DOCKET ENTRY NO. 136) AND DEFENDANT'S MOTION FOR CONTEMPT DATED SEPTEMBER 9, 1998 (DOCKET ENTRY NO. 140)
There are several motions for determination in this matter; three motions for contempt and the defendant's motion for modification. One of plaintiff's motions for contempt deals with the defendant's failure to pay alimony and support in accordance with the current court orders. Chief among the motions is the defendant's motion for modification and that shall be dealt with first in this memorandum.
 DOCKET ENTRY NO. 134 DEFENDANT'S MOTION FOR MODIFICATION DATED JANUARY 12, 1998
CT Page 12120
The defendant's motion for modification has been filed pursuant to the provisions of § 46b-86(a) of the General Statutes. On March 11, 1997, the marriage of the parties was dissolved after a contested hearing before the Honorable John Moran. Judge Moran delivered his decision from the bench on March 7, 1997, and a copy of the transcript of his decision is contained in the file. At that time, the defendant was ordered to pay $6,750 per month ($81,000 per annum) as unallocated alimony and support for the plaintiff and the two minor children, Emma and Taylor who are 8 and 6 respectively. The amount of unallocated alimony and support was based upon the income set forth in the defendant's financial affidavit of $185,000 per year, plus certain fringe benefits of the defendant's employment.
The income stated on the defendant's financial affidavit was based on his income for the calendar year 1996. In 1997, the defendant's income dropped significantly and amounted to $124,000. Income for 1998 for the nine month period to September 30th amounted to $91,000 and, then estimating for the remaining three months of 1998 at the same rate received, produces an income for 1998 of $121,333.
The defendant is 42 years of age and in good health. The plaintiff is 40 years of age and in good health. The defendant is a physical therapist and a partner in the Riverview Sports Medicine and Physical Therapy Center, P.C. The practice has been impacted by managed health care and the defendant is working harder but earning less.
The plaintiff is employed on a part time basis as a teller at People's Bank. She earns a gross of $209 per week and a net of $165. She is paid $9.00 per hour so she averages 23 hours per week. In 1997, she earned $7,000 as a free lance graphic designer and was previously employed as a graphic artist. She has not been pursuing a career as a graphic designer in 1998 since any such employment would have to be on a part time basis.
The defendant has married since the decree of dissolution. He and his wife have a child, Hannah, for which the defendant has a responsibility of support.
It has been stipulated by the parties that the defendant's loss of income does constitute a substantial change of circumstances such that there must be a modification. The court does so find. CT Page 12121
Having found a substantial change of circumstances, the court must then consider the factors of §§ 46b-82, 46b-84 and the provisions of § 46b-215(b) of the General Statutes, those provisions of the statutes having to do with alimony and support. It should be noted that the defendant exercises visitation in accordance with the parties' agreement of January 29, 1997, so that the children are with him 40 percent of the time.
Having considered the provisions of the relevant statutes, the case law, the testimony of the witnesses and the exhibits, the court grants the motion to modify and reduces the current order of unallocated alimony and support to the amount of $4,120 per month ($49,440 per annum), payable in an amount of $2,060 on the first of each month and $2,060 on the fifteenth of each month retroactive to February 1, 1998, in accordance with the agreement of the parties. (See defendant's exhibit 6.) This order is based upon the defendant's current annual gross income which the court finds is $121,333.
While the defendant seeks a sliding scale arrangement based upon his net income, the court prefers an order fixing a sum so that both parties are aware of what has to be paid and what may be expected on a monthly basis. When a substantial change occurs in the circumstances of either party, either party is free to file a motion for modification. It is for precisely this reason that the legislature in its wisdom has enacted § 46b-86(a) of the General Statutes.
Except as herein modified, all other provisions of the judgment entered on March 11, 1997, shall remain in full force and effect.
 MOTION FOR CONTEMPT (DOCKET ENTRY NO. 136)
The plaintiff has moved that the defendant be found in contempt for his failure to abide by the terms of the judgment regarding unallocated alimony and support. The plaintiff has filed a record of payments of alimony received. There is nothing due for the year 1997. The court finds the total amount due for the period January 1 to October 1, 1998 to be $39,710 (computed at $4,120 per month for eight months and $6,750 for the month of January). The court finds the defendant paid the sum of $24,499.75, giving credit for $140 on May 15. (See plaintiff's exhibit B.) This then leaves an arrearage of $15,210.25. CT Page 12122
The court does not find an intentional and wilful disregard of the court's orders and does not find the defendant in contempt.
The liability of $15,210.25 to the plaintiff must be recognized and paid before all other outstanding liabilities of the defendant.
As previously noted, this arrearage determination is only to October 1, 1998. The payments for October 1, 1998 and October 15, 1998 in accordance with this memorandum would now also be due and payable with credit for any payments made by the defendant since October 1, 1998.
 (DOCKET ENTRY NO. 135) PLAINTIFF'S MOTION FOR CONTEMPT DATED APRIL 9, 1998
In the parties' agreement of January 29, 1997, the parties agreed they would have joint legal custody of the minor children. They agreed that they would "seek each other's input and consider each other's views in reaching major decisions about the children." They agreed further that they would "confer and endeavor to agree with each other on all matters including but not limited to the children's health, education, welfare, comfort, religion and upbringing with a view to arriving at a harmonious policy calculated to preserve the best interests of the minor children." (Emphasis supplied.)
In spite of this language, the defendant unilaterally took steps to have the children baptized in a religious ceremony in April of this year. There was no discussion before hand between the parties and no prior notice given to the plaintiff. The children were baptized at the same time that the defendant's daughter, Hannah, was also baptized, the baptism occurring in the Congregational Church. The plaintiff is of the Jewish faith and baptism is not part of the Jewish teachings.
The court does not find this was a wilful and intentional violation of the court's orders. The defendant had been taking the children to church every other Sunday when he had visitation. This had been discussed with the plaintiff, and she had agreed that the children might attend church with their father about a year prior. The plaintiff is not a member of the Temple but has throughout the marriage observed the Jewish holdings with the CT Page 12123 children. There is no question but that this was a shock to the plaintiff and most disturbing since the defendant did not seek her consul.
This was a mistake on the defendant's part. He is perfectly aware that he should not have done this without first discussing it with the plaintiff. Based upon the plaintiff's testimony, the defendant is said to have said, when confronted, that he could do whatever he wanted.
The defendant must abide by the terms and provisions of the January 29, 1997, agreement. Those provisions of the agreement have been incorporated in the judgment and have been entered as orders of the court. They are clear and unambiguous.
 DOCKET ENTRY NO. 140 DEFENDANT'S MOTION FOR CONTEMPT DATED SEPTEMBER 9, 1998
The defendant has moved that the plaintiff be found in contempt for failing to pay outstanding charges due at the end of her car lease. In the judgment, Judge Moran ordered that the defendant contribute to the plaintiff one-half of the basic monthly lease cost relative to the 1995 Saab 9000 CSE. He ordered further that the plaintiff shall be responsible for all other costs of operating the SAAB and ordered that at the conclusion of the car lease the defendant shall no longer have any obligation or responsibility to the plaintiff. (See page 18 of the transcript of proceeding held on March 7, 1997.)
At the time of the termination of the lease, the plaintiff was unaware of the terms of the judgment regarding the car lease. Her failure to pay those charges was not an intentional and wilful violation of the terms of the judgment. The court does not find contempt.
However, the plaintiff is responsible for the charges due on the termination of the Saab lease.
Each party shall pay her or his own counsel fees in connection with all motions.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE